RENDERED:  AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1106-MR

DERICK SHEPHERD                                                                        APPELLANT

v.

APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 16-CI-00103

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; AND AMY
FUNK                                                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Derick Shepherd ("Appellant") appeals from an order

of the Bullitt Circuit Court, Family Division, holding him in contempt and

establishing a child support arrearage and repayment plan.  Appellant argues that

the circuit court erred in holding him in contempt, and in continuing ongoing

examination of his child support payment status. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On March 3, 2021, the Commonwealth of Kentucky, Cabinet for Health and Family Services ("Appellee") filed a motion in Bullitt Circuit Court on behalf of Amy Funk to hold Appellant in contempt based on his failure to pay child support. In support of the motion, Appellee alleged that Appellant accrued a child support arrearage of $568.78 as of January 31, 2021.

Appellant was found to be indigent, and he received appointed counsel. A hearing on Appellee's motion was conducted on June 15, 2021, where evidence was presented that Appellant owed a child support arrearage of $271.95 as of May 31, 2021. Appellant had a monthly child support obligation of $284.39 as previously ordered by the circuit court, and was, according to Appellee, $240.73 in arrears at the time of the hearing. Evidence was adduced that Appellant had a larger arrearage in the past but had made several payments to reduce the balance, including two payments of $600.00 and one payment of $550.00. An employee of the Bullitt County Attorney's Office testified that Appellant made his June 2021 payment as required. Appellant, through counsel, argued that he was in substantial compliance with the child support order because he was less than one month in arrears.

After considering the testimony and documentary evidence, the circuit court determined that, though Appellant was unemployed at the time, he continued to make some payments. As he was chronically in arrears, the circuit court found Appellant to be in contempt for failure to meet his monthly child support obligation. The court sentenced Appellant to 30 days in jail, to be conditionally discharged if Appellant remained current on his obligation. The court found that it would still have to review Appellant's status monthly "because I think that's what it's going to take." The matter was reviewed on July 20, 2021, at which time Appellant was 12 cents in arrears. The court scheduled another review for the following month, and this appeal followed.[1]

## STANDARD OF REVIEW

We review a contempt order arising from the failure to pay child support for abuse of discretion. *Commonwealth, Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 332 (Ky. 2011) (citation omitted). "[W]e apply the clear error standard to the underlying findings of fact." *Id.* (citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Bullitt Circuit Court, Family Division, erred in finding him in contempt for failing to pay child support. He asserts that the

---

[1] Appellant filed another appeal in this matter with case number 2021-CA-1218-MR. On February 9, 2022, that appeal was ordered dismissed as duplicative.

court erred in failing to conclude that he is in substantial compliance with the court's child support order. Appellant notes that though he was somewhat less than one month in arrears when the contempt order was rendered, the following month he was only 12 cents in arrears which constitutes substantial compliance with the child support order. Having substantially complied, Appellant maintains that ongoing monthly review of his compliance and possibility of jail time is not warranted.

Appellant also argues that if the payment he made in June 2021 was applied to his arrearage rather than to his June obligation, he would not have had an arrearage and would have still had the remainder of the month to make his June payment. The focus of Appellant's argument is that as he is in substantial compliance with the court's child support order, he should not be subjected to ongoing monthly reviews with the threat of jail time looming if he misses future payments. While acknowledging that he has been inconsistent in meeting his child support obligation, he maintains that he does make payments when he is able and often in amounts larger than his monthly obligation. He states that he is not employed, has had multiple surgeries, and is disabled. He seeks an opinion reversing the order on appeal. Appellee has not filed a responsive brief.

A trial court, of course, has broad authority to enforce its orders, and contempt proceedings are part of

that authority. KRS[2] 403.240, moreover, provides that a party's noncompliance with a support or custody decree "shall constitute contempt of court," and shall be addressed as such.

. . .

Contempt sanctions are classified as either criminal or civil depending on whether they are meant to punish the contemner's noncompliance with the court's order and to vindicate the court's authority and dignity, or are meant to benefit an adverse party either by coercing compliance with the order or by compensating for losses the noncompliance occasioned. . . .

In a civil contempt proceeding, the initial burden is on the party seeking sanctions to show by clear and convincing evidence that the alleged contemnor has violated a valid court order. If the party is seeking compensation, it must also prove the amount. Once the moving party makes out a prima facie case, a presumption of contempt arises, and the burden of production shifts to the alleged contemnor to show, clearly and convincingly, that he or she was unable to comply with the court's order or was, for some other reason, justified in not complying. This burden is a heavy one and is not satisfied by mere assertions of inability. The alleged contemnor must offer evidence tending to show clearly that he or she made all reasonable efforts to comply. If the alleged contemnor makes a sufficient showing, then the presumption of contempt dissolves and the trial court must make its determination from the totality of the evidence, with the ultimate burden of persuasion on the movant.

*Ivy*, 353 S.W.3d at 332 (citations omitted).

---

[2] Kentucky Revised Statutes.

In the matter before us, Appellant was subjected to civil rather than criminal contempt, as the sanction was intended to benefit Ms. Funk by coercing Appellant's compliance with the court's orders rather than merely punishing Appellant to vindicate the court's authority and dignity. Ms. Funk, through the Cabinet, met her initial burden under *Ivy* by demonstrating via clear and convincing evidence that Appellant violated a valid child support order. Appellant does not contest that he was in arrears on his child support obligation at the time the contempt order was rendered. The burden then shifted to Appellant to show, clearly and convincingly, that he was unable to comply with the court's order or was, for some other reason, justified in not complying. *Id.* Appellant had the heavy burden of showing by clear and convincing evidence that he made all reasonable efforts to comply, and this burden was not satisfied by mere assertions of inability. *Id.*

## CONCLUSION

Having closely examined the record and the law, we find no abuse of discretion in the Bullitt Circuit Court's conclusion that Appellant did not meet the heavy burden of demonstrating that he made all reasonable efforts to comply with the court's child support order. The record establishes that though Appellant made substantial strides toward paying off the arrearage, he was nevertheless still behind on his obligation when the order on appeal was entered. He does not contest this

fact.  The record also demonstrates that Appellant was delinquent on his child support obligation both before and after the entry of the order on appeal.  We find no basis for concluding that the circuit court's ongoing review of Appellant's child support payment status, even with the threat of jail time for noncompliance, is overly burdensome or otherwise improper.  For these reasons, we affirm the order of the Bullitt Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Steven J. Buck
Kayley V. Barnes
Frankfort, Kentucky